Opinion issued December 3, 2009




 


 

 






In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-09-00051-CR

____________


CARLOS MENDOZA, JR., Appellant


v.


THE STATE OF TEXAS, Appellee






On Appeal from the 228th District Court

Harris County, Texas

Trial Court Cause No. 1077076







MEMORANDUM OPINION

 Appellant, Carlos Mendoza, Jr., was charged with sexually assaulting his
eleven-year-old daughter by penetrating her anus with his sexual organ. See Act of
May 28, 2003, 78th Leg., R.S., ch. 896, § 1, 2003 Tex. Gen. Laws 2721, 2722, and
Act of May 29, 2003, 78th Leg., R.S., ch. 528, § 2, 2003 Tex. Gen. Laws 1805, 1806
(amended 2007) (current version at Tex. Penal Code Ann. § 22.021 (Vernon Supp.
2009)). (1) Appellant pleaded guilty without an agreed recommendation and requested
a presentence investigation (PSI) hearing. Appellant filed an application for
community supervision. After the hearing, the trial court assessed punishment at
thirty years in prison. Appellant filed an untimely notice of appeal, and on March 1,
2007, this Court issued a memorandum opinion dismissing the appeal. Mendoza v.
State, No. 01-07-00067-CR, 2007 WL 625029 (Tex. App.--Houston [1st Dist.] Mar.
1, 2007, no pet.)(mem. op., not designated for publication). Appellant filed a writ of
habeas corpus, and the Texas Court of Criminal Appeals granted an out-of-time
appeal. Ex parte Mendoza, No. AP-76,058, 2008 WL 5245344 (Tex. Crim. App. Dec
17, 2008).

 On appeal, appellant argues that it was an abuse of discretion to sentence him
to thirty years in prison when he was eligible for community supervision. We affirm.

Background


 In 2006, appellant was charged with aggravated sexual assault of a child,
namely "M.M." his eleven-year-old daughter. The complaint alleged that appellant
"intentionally and knowingly cause[d] the penetration of the anus of [M.M.] . . . by
placing his sexual organ in the anus of the Complainant." The complaint indicated
that there were other incidents of sexual abuse beginning when M.M. was nine years
old. Appellant pleaded guilty as charged of aggravated sexual assault of a child under
14 years of age, which is a first-degree felony.

 During the PSI Hearing, appellant stated that when he was initially questioned
by Child Protective Services (CPS) about the incident, he denied the allegations. 
Appellant stated that later he told CPS that if anything had happened, it may have
been while he was sleepwalking.

 Appellant's PSI report was prepared by Donna Hood with the Harris County
Probation Department. When appellant met with Hood, he made his improper
relationship with his daughter sound as if his daughter was the one "making the first
move." Appellant stated that his daughter initiated the improper relationship because
she was previously abused by appellant's exwife's boyfriend. Appellant stated that
on all of the incidents of sexual abuse, his daughter had initiated the sexual conduct,
and it was his bad judgment to let it happen. 

 Appellant testified that his bad judgment stemmed from a one-time incident
when he claims he was sexually abused by his aunt when he was ten years old. 
Appellant said his aunt made him "touch her" and "she also fondled -- touched [him]
also." He stated the incident with his aunt has affected his mind as an adult and
caused him to "start getting . . . [p]ornography magazines" and "Playboy magazines"
from the time of the occurrence up until now -- twenty-two years.

 Appellant testified that now he "seek[s] the Lord and [he] accepted him as [his]
savior." He testified that his spirituality and counseling have changed him. 
Appellant stated that he missed his four daughters and son, and he regretted that he
was not able to attend their birthday parties.

 Appellant testified that he "accept[ed] responsibility" for what he has done. 
He testified that he understood and accepted that he could go to jail. Appellant
requested deferred adjudication probation from the trial court, though he
acknowledged that society needed to be protected from him.

 The punishment for a first-degree felony is confinement for life or any term of
not more than ninety-nine years or less than five years and, in addition to
imprisonment, punishment by a fine not to exceed $10,000. See Act of May 29, 1993,
73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3603 (amended 2009)
(current version at Tex. Penal Code Ann. § 12.32 (Vernon Supp. 2009)). (2) The trial
court assessed appellant's punishment at thirty years in prison. Appellant thanked the
trial court after the announcement of the sentence and did not object.

Analysis

 "[A] punishment that falls within the legislatively prescribed range, and that
is based upon the sentencer's informed normative judgment, is unassailable on
appeal." Ex parte Chavez, 213 S.W.3d 320, 324 (Tex. Crim. App. 2006). The
sentencer's discretion to impose any punishment within the prescribed range is
"essentially unfettered," subject only to a very limited and rare Eighth Amendment
gross-disproportionality review. Id. at 323-24. Appellant does not challenge the
sentence on Eighth Amendment gross-disproportionality grounds.

 Here, appellant was convicted of aggravated sexual assault of a child under
fourteen years of age, which is a first-degree felony. See Act of May 28, 2003, 78th
Leg., R.S., ch. 896, § 1, 2003 Tex. Gen. Laws 2721, 2722, and Act of May 29, 2003,
78th Leg., R.S., ch. 528, § 2, 2003 Tex. Gen. Laws 1805, 1806 (amended 2007)
(current version at Tex. Penal Code Ann. § 22.021 (Vernon Supp. 2009)). The
statutory range of punishment for a first-degree felony is confinement for life or any
term of not more than ninety-nine years or less than five years and, in addition to
imprisonment, punishment by a fine not to exceed $10,000. Act of May 29, 1993,
73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3603 (amended 2009)
(current version at Tex. Penal Code Ann. § 12.32 (Vernon Supp. 2009)). Appellant
concedes that his sentence in this case is a legal, and thus, we could leave the decision
undisturbed. However, appellant argues that this Court's supervisory authority allows
it the opportunity to "encourage a policy of favoring restorative justice" and this
Court should incorporate the policy into the abuse of discretion standard. Appellant
has cited no authority which allows this Court to take such action.

 As stated in his brief, appellant's sentence falls well within the statutory range
of punishment, and appellant does not allege that the trial court was misinformed. 
Accordingly, we have no authority to disturb the trial court's assessment of
punishment. See Ex parte Chavez, 213 S.W.3d at 324 (holding punishment within
legislatively prescribed range, and based upon sentencer's informed normative
judgment, is unassailable on appeal).

 We overrule appellant's only issue on appeal.Conclusion

 We affirm the judgment of the trial court.

 

 

 George C. Hanks, Jr.

 Justice


Panel consists of Justices Keyes, Alcala and Hanks.

Do not publish. See Tex. R. App. P. 47.2(b). 
1. The 80th Texas Legislature amended Texas Penal Code Section 22.021, adding subsection
(f), effective September 1, 2007, which was after the date of the offense. The amendment
does not affect the disposition of this case.
2. The 81st Texas Legislature amended Texas Penal Code Section 12.32, substituting "Texas
Department of Criminal Justice" for "institutional division," effective September 1, 2009. 
The amendment does not affect the disposition of this case.